IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Covington, ) | C/A No.: 1:11-2231-TLW-SVH |
| Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| United States of America, ) | |
| Respondent. ) | |

Petitioner is a federal prisoner incarcerated in Kansas, and proceeding *pro se*, he filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is entitled to a reduction in sentence. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

On October 15, 2003, Petitioner was convicted by a jury in this District Court for possession with intent to distribute marijuana; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. *United States v. Covington*, No. 4:03-cr-0647-TLW ("*Covington I*"). He was sentenced on January 21, 2004, for a total term of 420 months imprisonment, with concurrent sentences for 60 months each on counts one and two. *Covington I* at Entry #35. Petitioner filed a direct

appeal of his convictions and sentences, and the United States Court of Appeals for the Fourth Circuit affirmed the judgement of this District Court on August 23, 2005. *Id.* at Entry #48. Petitioner filed a post-conviction motion in this District Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on November 20, 2006. *Id.* at Entry #50. Petitioner's *pro se* § 2255 motion was denied and dismissed with prejudice on December 23, 2008. *Id.* at Entry #65. Petitioner now files this habeas action pursuant to 28 U.S.C. § 2241.

II.   Discussion

    A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the

2

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Petitioner captioned his petition as an "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and he seeks a reduction of his sentence based on his contention that the Armed Career Criminal Offender provision 18 U.S.C. § 924(e) is no longer applicable because his prior state convictions had expired and his civil rights were restored. Petition at 1 [Entry #1]. The petition also states "Petitioner moves said court whom imposed the sentence, to vacate, set-aside or correct his sentence in this matter of law." *Id.* at 2. The petition could be construed as one for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, or as a motion to vacate, set aside or correct a sentence filed pursuant to 28 U.S.C. § 2255. However, under either of these statutes, the petition is subject to summary dismissal because this court lacks jurisdiction to entertain it.

1. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

To the extent the petition is construed as brought pursuant to 28 U.S.C. § 2241, this court lacks jurisdiction to consider it. A habeas action filed under § 2241 is required to be filed in the district court where the prisoner is confined. "District courts are limited to granting habeas relief 'within their respective jurisdiction.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The jurisdiction required is "that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial*

*Circuit Court of Ky.*, 410 U.S. 484, 495 (1973); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The warden of the federal prison where Petitioner is currently imprisoned in Kansas is the proper respondent in his § 2241 habeas action. The district court where Petitioner's custodian is located is the court having jurisdiction over such a request for habeas relief. Because Plaintiff is not confined in a federal prison in South Carolina, this court does not have jurisdiction to consider his § 2241 petition.

    2.    Second or Successive Motion Pursuant to 28 U.S.C. § 2255

To the extent that the petition could also be considered as a motion under § 2255, this court does not have jurisdiction to consider it. The law is well-established that, "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*)). Under 28 U.S.C. § 2255(h), "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h)(1),(2). Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

4

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application:

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."

28 U.S.C. § 2244(b)(3)(B)–(E).

Petitioner previously filed a § 2255 motion, which was denied. Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit Court of Appeals authorizing this court to consider a second § 2255 motion. No such order has been issued by the Fourth Circuit to this court. Therefore, the instant petition should be dismissed because this court lacks jurisdiction to hear a second or successive § 2255 motion filed by Petitioner.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 4, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

6

### Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).